UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE M. NATTRESS,

    Plaintiff,

v.

    Civil Case No. 16-13978
    Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S FEBRUARY 21, 2018 REPORT AND RECOMMENDATION [ECF NO. 15]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13]**

Plaintiff filed this lawsuit on November 9, 2016, challenging Defendant's final decision denying her application for benefits under the Social Security Act. On the same date, the matter was referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 11, 13.)

On February 21, 2018, Magistrate Judge Davis issued an R&R in which she recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act. (ECF No. 15.) Magistrate Judge Davis first rejects Plaintiff's argument that the administrative law judge ("ALJ") erred in assigning significant weight to the opinion of non-examining psychologist Edward Czarnecki, Ph.D. (*Id.* at Pg ID 540-43.) Magistrate Judge Davis next rejects Plaintiff's claim that the ALJ erred in discounting her lower Global Assessment of Functioning ("GAF") scores. (*Id.* at Pg ID 546-48.)

Magistrate Judge Davis concludes by advising the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at Pg ID 548.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) Plaintiff filed objections on March 6, 2018. (ECF No. 16.)

**Standard of Review**

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the

2

> Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to

appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## **The ALJ's Decision and the R&R**

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

> 1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).
>
> 2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).
>
> 3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id.*
>
> 4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

4

> 5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id.*

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since October 23, 2013. (A.R. at 15, ECF No. 7-2 at Pg ID 35.) The ALJ found at step two that Plaintiff has the following severe impairments: history of pseudotumor cerebri; status-post left thoracotomy; status-post acute respiratory failure; asthmatic bronchitis; diabetes mellitus, type II; osteoarthritis, bilateral knees; morbid obesity; bipolar disorder; major depressive disorder; and a history of opiate dependence. (*Id.*) The ALJ next analyzed whether Plaintiff's impairments met any of the listed impairments—specifically Listings 11.00, 3.00, 1.02A, 11.14, 12.04, 12.09, and 12.00—and determined that

5

they did not. (*Id*. at 17-18, Pg ID 36-38.) Specifically with respect to Listings 12.04 and 12.09, the ALJ concluded that Plaintiff did not have marked restrictions in at least two of the relevant areas (i.e., activities of daily living, maintaining social functioning, maintaining concentration, persistence, or pace, or repeated episodes of decompensation, each of extended duration). (A.R. 16-18, Pg ID 36-38.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with these limitations:

> unable to stand and walk more than four hours in an eight-hour workday; sitting would be unlimited; could lift no more than 20 pounds occasionally and 10 pounds frequently; could only stoop, climb, balance, crouch, squat, crawl, or kneel occasionally; must avoid all hazards such as moving machinery and unprotected heights; would need a clean air environment free from concentrated levels of dust, fumes, gases, chemicals, and other airborne irritants; would be limited to simple, routine, one to three step tasks in a low stress environment defined as no quick decision making and no quick judgment required on the job; no interaction with the public and only occasional interaction with supervisors or co-workers; and would be unable to perform jobs that are fast pace, high production, or frequent changes in task expectations or locations.

*Id*. at 18, Pg ID 38.) In assessing this RFC, the ALJ considered *inter alia* Plaintiff's mental health record including consultative psychology exams in August 2012 and February 2014, treatment notes from Team Mental Health beginning May 2015, and Dr. Czarnecki's opinion. (*Id*. at 20-25, Pg ID 40-44.) The ALJ

6

also gave "only some weight" to Plaintiff's GAF scores, concluding that "the objective evidence supports no more than moderate symptoms and related limitations" and that the scores are inconsistent with Plaintiff's reported activities of daily living and her lack of treatment with a mental health facility until May 2015. (*Id*. at 25, Pg ID 45.)

The ALJ then concluded that Plaintiff had no past relevant work, but that other jobs exist in significant numbers in the national economy that Plaintiff could perform. (*Id*. at 25-26, Pg ID 45-46.) Specifically, the ALJ identified the jobs of packer, sorter, and small products assembler. (*Id*. at 26, Pg ID 46.) The ALJ therefore concluded that Plaintiff is not under a disability as defined by the Social Security Act. (*Id*. at 27, Pg ID 47.)

As indicated, in her R&R, Magistrate Judge Davis finds no error with respect to the ALJ's treatment of Dr. Czarnecki's opinion or Plaintiff's GAF scores. These are the only claims of error asserted by Plaintiff in this action.

Plaintiff raises two specific objections to the R&R.

## **Analysis**

In her first objection, Plaintiff asserts that Magistrate Judge Davis erred in finding Dr. Czarnecki's opinion consistent with the medical records post-dating his review. Plaintiff argues that the magistrate judge reached this conclusion by

7

improperly relying on records prior to 2015 and by overstating Plaintiff's independence from other records. This Court agrees with Magistrate Judge Davis' assessment, however, that Dr. Czarnecki's opinion is consistent with the entire record and that the ALJ considered and discussed the record evidence post-dating that opinion. As the Sixth Circuit has provided, an ALJ may rely on a state agency consultant's opinion even where the consultant did not have the opportunity to review the claimant's entire record, provided there is "'some indication that the ALJ at least considered these facts [i.e., the unreviewed record evidence] before giving greater weight to [the] opinion ….'" *Blakely v. Comm'r of Soc. Sec'y*, 581 F.3d 399, 409 (6th Cir. 2009) (quoting *Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007)). The Social Security Regulations require the ALJ to look not only at the record post-dating the state agency consultant's opinion, but the "record as a whole." *See* 20 C.F.R. § 404.1527(c)(4).

As such, it was proper for the ALJ and Magistrate Judge Davis to rely on records pre-dating Dr. Czarnecki's opinion to assess Plaintiff's functional limitations. Plaintiff points out in her objections that she nevertheless testified to greater limitations than described in some of those records. Yet, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely credible and the ALJ provided reasons for reaching that

conclusion. The ALJ also considered the record evidence post-dating Dr. Czarnecki's opinion and found it further supportive of his opinion. The lack of an assessment or opinion by Plaintiff's treating sources of greater functional limitations and Plaintiff's lack of treatment with a mental health facility until May 2015 additionally support the ALJ's decision.

For these reasons, the Court concurs with Magistrate Judge Davis' conclusion that the ALJ did not err in giving significant weight to Dr. Czarnecki's opinion that Plaintiff's mental impairments result in only moderate limitations.

In her second and last objection, Plaintiff argues that her GAF scores reflected greater limitations than found by Dr. Czarnecki and that it was error for Magistrate Judge Davis and the ALJ to reject those scores unless supported by substantial evidence. Plaintiff contends that her GAF scores of 45-50, 45, and 50 reflect that she "'has serious symptoms or serious impairment of social or occupational functioning.'" (ECF No. 16 at Pg ID 552, quoting *Miller v. Comm'r of Soc. Sec'y*, 811 F.3d 825, 836 (6th Cir. 2016).) Plaintiff points out that the GAF score of 45-50 assessed by consultative examination psychiatrist Ibrahim Youssef, M.D., "jibes" with "[t]he opinions of the treaters" and thus "the rationale of the non-examining evaluator for his finding of non-disability no longer exists." (ECF No. 16 at Pg ID 553.)

The record reflects four GAF scores for Plaintiff: a GAF score of 66 assessed by consultative psychology examiner Hugh Bray, Ph.D. in August 2012 (A.R. at 369, ECF No. 7-9 at Pg ID 396); the GAF score of 45 to 50 assessed by Dr. Youssef in February 2014 (*Id.* at 425, Pg ID 452); and GAF scores of 45 and 50 assessed by Team Mental Health in May 2015. (*Id.* at 436, 452, Pg ID 464, 480.) As the ALJ indicated, "[a] a GAF score from 61 to 70 indicates someone who is generally functioning pretty well and who has only mild symptoms or some difficultly in social or occupational functioning." (*Id.* at 20-21, Pg ID 40-41.) "A GAF score of 41-50 'reflects the assessor's opinion that the subject has serious symptoms *or* serious impairment of social or occupational functioning.'" *Keeton v. Comm'r of Soc. Sec'y*, 583 F. App'x 515, 520 n.2 (6th Cir. 2014) (emphasis added) (quoting *Kornecky v. Comm'r of Soc. Sec'y*, 167 F. App'x 496, 511 (6th Cir. 2006)).

The Sixth Circuit has "held that the failure to reference a GAF score is not, standing alone, sufficient ground to reverse a disability determination." *DeBoard v. Comm'r of Soc. Sec'y*, 211 F. App'x 411, 415 (6th Cir. 2006) (citing *Howard v. Comm'r of Soc. Sec'y*, 276 F.3d 235, 241 (6th Cir. 2002)) GAF scores are subjective determinations representing "'the clinician's judgment of the individual's overall level of functioning.'" *Id.* "[A]ccording to the [Diagnostic

and Statistical Manual's] explanation of the GAF scale, a score may have little or no bearing on the subject's social and occupational functioning." *Kornecky v. Comm'r of Soc. Sec'y*, 176 F. App'x 496, 511 (6th Cir. 2006). "Moreover, the Commissioner has declined to endorse the [GAF] score for use in Social Security and Supplemental Security Income disability programs, and has indicated that GAF scores have no direct correlation to the severity requirements of the mental disorders listings." *DeBoard*, 211 F. App'x at 415 (6th Cir. 2006) (internal quotation marks and citations omitted). Thus, the Sixth Circuit has affirmed denials of disability benefits where applicants had GAF scores of 50 or lower. *Id.* (collecting cases).

Here, the ALJ gave Plaintiff's GAF scores "only some weight", finding that "the objective evidence supports no more than moderate symptoms and related limitations . . . ." (A.R. at 25, ECF No. 7-2 at Pg ID 45.) Earlier in her decision, the ALJ specifically set forth the substantial evidence on which she based this conclusion. (*Id.* at 16-17, Pg ID 36-37.) Because Plaintiff's GAF scores, standing alone, are insufficient to undermine the ALJ's decision and because the ALJ properly considered the entire record to assess Plaintiff's functioning, the Court agrees with Magistrate Judge Davis that the ALJ's treatment of Plaintiff's GAF scores is not grounds for reversal.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Davis' February 21, 2018 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 11) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 13) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager